UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON


CIVIL ACTION NO. 06-386-KSF

UNITED STATES OF AMERICA, *et al.*                                    PLAINTIFFS


V.                                        **OPINION & ORDER**


LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT                                            DEFENDANT

* * * * * * * * * * * * *

        This matter is before the Court on the motion of the Fayette County Neighborhood

Council ("FCNC") for other relief (to compel participation of interveners in ongoing settlement

negotiations) [DE #8].[1]

# I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        In November of 2006, the United States, acting at the request of the Administrator of the

United States Environmental Protection Agency ("EPA"), along with the Commonwealth of

Kentucky, filed a complaint against the Lexington-Fayette Urban County Government

("LFUCG") alleging a number of violations of the Clean Water Act, 33 U.S.C. § 1300 et seq.

("CWA") in connection with the county's storm sewer system, its sanitary sewer system, and

certain wastewater treatment plants.  In summary, the plaintiffs allege that the LFUCG has

operated these systems in violation of the CWA and permits issued pursuant thereto, because of

_____

        [1]        Also pending is the motion of FCNC and thirty-one individuals for leave to file an
intervening complaint as a matter of right [DE #7], which will be considered separately.  Any
reference herein to "Intervening Plaintiffs" is not intended as an indication that the Court has
granted that motion, but is used only for ease of reference.

numerous illicit cross-connections between the sewer collection system and its separate storm sewer system, which result in discharges of untreated sewage into navigable waters.

At the time the complaint was filed, the parties had already been involved in settlement negotiations.  At that time, defendant LFUCG entered into an arrangement with FCNC such that FCNC would be involved in the ongoing negotiations with the plaintiffs, which arrangement was memorialized by letter dated October 19, 2006.  The FCNC is a non-governmental organization made up of more than 130 neighborhood associations and interested citizens.  It has a long history with sewer issues in Fayette County, including commissioning a comprehensive study in 1998 that documented numerous deficiencies and made a number of recommendations.  The arrangement with LFUCG essentially gave the FCNC a "seat at the table," although FCNC was not a named party to the suit.[2]

The parties continue to negotiate terms and conditions of a potential Consent Decree.  By letter dated May 4, 2007, LFUCG advised the FCNC that it would no longer agree to FCNC's involvement in the negotiations.[3]  Because of a Confidentiality Agreement executed by all interested parties, the reasons for LFUCG's change in position cannot be disclosed fully. However, LFUCG states that the FCNC had gone beyond the original arrangement – which stated that the FCNC would be involved in order to "provide assistance and support to LFUCG

---

[2]        In fact, the FNC had agreed to forego initiation of a citizen suit during its participation in the negotiations, but noted that if the EPA filed suit, it would necessarily have to intervene.

[3]        The FCNC notes that the LFUCG's agreement to include FCNC in the negotiations was made during the administration of Mayor Teresa Isaac, while the letter "disinviting" the FCNC from those negotiations came from the new administration of Mayor Jim Newberry.

during the negotiating process" – by taking positions adverse to the LFUCG; by making demands that, in the LFUCG's opinion, would impose substantial, unnecessary costs and burdens on the citizens of Fayette County; and by making demands that were beyond issues related to the CWA violations. The LFUCG was also of the opinion that certain of the positions taken by the FCNC would be adamantly opposed by other citizens, interest groups, and/or elected officials, and that it was important that the LFUCG not be viewed as giving special preference to the FCNC.

The FCNC and thirty-one individual residents[4] of Fayette County have sought to intervene in the present case as intervenor plaintiffs (and although the Court has not yet ruled on their motion, they will hereinafter be referred to as the "Intervening Plaintiffs"). Along with their motion to intervene, the Intervening Plaintiffs filed the present motion for the Court's consideration.

## II.   MOTION FOR OTHER RELIEF

### A.   <u>The Parties' Positions</u>

In the present motion, the Intervening Plaintiffs asks the Court to convene a pre-trial conference for the purpose of requiring all parties, including the Intervening Plaintiffs, to engage in meaningful settlement negotiations. In the alternative, they ask the Court to order the inclusion of the FCNC so it may return to the negotiating process between the parties. In support of their motion, they argue generally that the federal judiciary adheres to a policy that favors the settlement of disputes without litigation. Because of the strong possibility that this matter will ultimately be resolved by a Consent Decree, it is in the confidential negotiating process that the

---

[4]      It is not clear whether Tom and Delia Pergande are included as putative intervenors in this action. They are named in the body of the tendered intervening complaint, but not in the caption. They have been included in the number cited and for purposes of this motion.

interests and rights of the various parties will be identified, negotiated, and resolved.  Thus, this Court should require the FCNC's participating on those negotiations in order to support Congress's policy of supporting citizens in their efforts to enforce ongoing and recurring CWA violations.  The FCNC argues that based on its long history of advocacy for a safe, clean system in Fayette County, it has earned a seat at the table and is the most qualified non-governmental organization to be an effective voice for Fayette County citizens.

The plaintiffs do not oppose the participation of the FCNC in the settlement negotiations. However, they do not see a need for a court hearing or conference and oppose any order that includes mandatory mediation or other alternative dispute resolution.  Defendant LFUCG opposes the Intervening Plaintiffs' motion on three bases:  (1) that intervention as a matter of right under the CWA does not authorize, entitle, or empower them to participate in settlement negotiations between the plaintiffs and LFUCG; (2) the facts do not support their claim of entitlement; and (3) they do not represent all citizens' interests and have certain special interests they seek to advance.

As to the second and third arguments, the LFUCG asserts that the FCNC has taken actions outside of the informal agreement with the prior administration by voicing its intent to file the tendered intervening complaint against LFUCG and by taking actions during the negotiations that demonstrated it was not assisting and/or supporting the LFUCG in the negotiation process.  Further, the LFUCG states that the FCNC took positions in the negotiations that advanced special interests of the FCNC on issues that were not related to the alleged CWA violations, positions that would impose substantial and unnecessary costs on taxpayers.

The Intervening Plaintiffs reply that they agree there is no statutory right requiring

-4-

FCNC's participation in the confidential negotiating process. However, the Court has the inherent power to require FCNC's participating under the present circumstances. The Intervening Plaintiffs also point out that the present plaintiffs do not object in any fashion to FCNC's continued participation. The FCNC also disputes that it has breached the agreement with the LFUCG because it has disagreed with some of the positions taken by LFUCG. Finally, the FCNC disputes the notion that it is a "special interest" seeking special treatment. The FCNC has been involved with this issue for over a decade and the argument that it is seeking special treatment does not bear any relation to the reality of the negotiations that have taken place. Finally, the FCNC argues that the current administration has welched on the previous administration's agreement to include FCNC in the process and, therefore, should now be estopped from "disinviting" the FCNC from the negotiations.

## III.   DISCUSSION

The Intervening Plaintiffs assert that the Court has authority to order their participation in settlement negotiations pursuant to Federal Rule of Civil Procedure 16, which states in relevant part as follows:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as . . . establishing early and continuing control so that the case will not be protracted because of lack of management . . . .

Fed. R. Civ. P. 16(a)(2). Rule 16 also permits the Court to require parties to appear before it for the purpose of "facilitating the settlement of the case." Id. Rule 16(a)(5). The Court may also "require that a party or its representative be present or reasonably available by telephone in order to consider possible settlement of the dispute." Id. Rule 16(c).

Despite the general public policy favoring the settlement of disputes without litigation, there is no statute, rule, or case law giving a court authority to compel specific parties involved in private settlement negotiations to involve a third party or any other party to the suit.  Parties are free to engage in settlement negotiations as they see fit, which would include the decision to exclude certain parties from the negotiations if they so choose.  Likewise, parties are free to impose conditions on private settlement negotiations – such as the *inclusion* of a certain parties in the negotiations.[5]  It appears that the only time the Court can force participation of all parties in settlement negotiations is when those negotiations take place before the Court in a court-ordered settlement conference.

Even assuming that the Intervening Plaintiffs are permitted to intervene in this matter, this does not necessarily grant them an automatic "seat at the table."  Although it is the subject of a separate motion, it is noteworthy that the CWA permits citizens to intervene as a matter of right under certain circumstances, although the CWA couches this right in terms of a negative:

> No action may be commenced under subsection (a)(1) of this section . . . if the Administrator [of the EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the [effluent] standard, [effluent] limitation, or order [issued by the EPA or a state with respect to such effluent standard or limitation], but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b)(1)(B) (section titled "Citizen Suits").  Thus, written into the citizen

---

[5]      The Intervening Plaintiffs go to great lengths to point out that the current plaintiffs do not object in any fashion to their inclusion.  There is nothing to stop the EPA or the Commonwealth from taking advantage of the Intervening Plaintiffs' expertise on these matters or from requiring the presence of the FCNC or other Intervening Plaintiffs in the ongoing settlement negotiations.

intervenor provision is a preference for an administrative enforcement action, rather than a private citizen enforcement action.  As noted by the Eighth Circuit, the CWA "was not intended to enable citizens to commandeer the federal enforcement machinery." Dubois v. Thomas, 820 F.2d 943, 949 (8th Cir. 1987).  "[O]nce intervenors have been given the opportunity to object to the decree they have had an appropriate day in court and a judgment on consent may be entered." United States v. Ketchikan Pulp Co., 430 F. Supp. 83, 85 (D. Ala. 1977) (entering consent decree under the CWA over objections of environmental groups); see also United States v. Metropolitan St. Louis Sewer Dist. (MSD), 952 F.2d 1040, 1044 (8th Cir. 1992) ("Once the intervenors had an opportunity to file objections to the proposed consent decree, '[t]here is little else that they could have done.' ") (quoting United States EPA v. City of Green Forest, Ark., 921 F.2d 1394, 1402 (8th Cir. 1990)); City of Green Forest, Ark., 921 F.2d at 1402 ("Had the citizens intervened, they still would not have been able to compel a consent decree on their own terms.").

The CWA and associated case law make clear that private parties should not be allowed to hijack, via intervention – even intervention by right, a government suit such as the present one. In light of the CWA's preference for administrative enforcement actions, the Court does not believe it can – or should – force the EPA, the Commonwealth, or the LFUCG to include the Intervening Plaintiffs in their private settlement negotiations.  The Intervening Plaintiffs very well may have earned a "seat at the table," but this gives them no legal standing – only political standing, in the Court's view.

The Intervening Plaintiffs also argue that the LFUCG should be estopped from excluding them from the negotiations based on the parties' "agreement" as set forth in a letter dated October 19, 2006.  However, this letter is not signed by both parties and, therefore, cannot be

considered an "agreement."  It may well be evidence of an agreement but, based on the parties' pleadings, there appear to be a number of factual questions surrounding the agreement and its terms which cannot be resolved at this stage of the litigation.  Therefore, this agreement does not support the Intervening Plaintiffs' present request.

## IV.     CONCLUSION

The Court has the authority to compel the Intervening Plaintiffs' participation only in a settlement conference before the Court, but not in private settlement negotiations taking place between the existing parties.  Even if it had such authority, it would decline to exercise it in the present case.  Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that the motion of the FCNC for other relief [DE #8] is DENIED.

This July 6, 2007.



**Signed By:**

***Karl S. Forester***   K S F

**United States Senior Judge**

-8-