UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-386-KSF

UNITED STATES OF AMERICA, *et al.*                                           PLAINTIFFS

V.                                  **OPINION & ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT                                                    DEFENDANT

* * * * * * * * * * * * *

This matter is before the Court on the motion of the Fayette County Neighborhood Council ("FCNC") and thirty-one individuals for leave to file intervening complaint as a matter of right [DE #7].[1]

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In November of 2006, the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), along with the Commonwealth of Kentucky, filed a complaint against the Lexington-Fayette Urban County Government ("LFUCG") alleging a number of violations of the Clean Water Act, 33 U.S.C. § 1300 et seq. ("CWA") in connection with the county's storm sewer system, its sanitary sewer system, and certain wastewater treatment plants. In summary, the plaintiffs allege that the LFUCG has operated these systems in violation of the CWA and permits issued pursuant thereto, because of

---

[1] A clerk's note in the record indicates that Tom and Delia Pergande should not be included as putative intervenors in this action. They are named in the paragraph 5 of the body of the tendered intervening complaint, but not in the caption and not in later portions of the complaint. They have been included in the number cited, but the Court will order the intervening plaintiffs to file a corrected intervening complaint to address this discrepancy.

numerous illicit cross-connections between the sewer collection system and its separate storm sewer system, which result in discharges of untreated sewage into navigable waters.

The FCNC and thirty-one individual residents of Fayette County (hereinafter referred to as the "Intervening Plaintiffs") now seek to intervene in the present case as intervenor plaintiffs, relying on 33 U.S.C. § 1365(a)(1) and (b)(1)(B). They contend that their application is timely; that they have an unconditional right to intervene; that they have provided notice under the CWA to the polluter, the EPA, and the Commonwealth; and that they have participated in the private settlement negotiations between the existing parties to the suit.

Plaintiffs EPA and the Commonwealth of Kentucky have filed a "conditional nonopposition" to the Intervening Plaintiffs' motion. Therein, they reserve their right to move the Court to place reasonable limits on the Intervening Plaintiffs' participation in the suit in order to ensure efficient adjudication of the litigation. Specifically, the plaintiffs are concerned that the Intervening Plaintiffs may try to raise issues beyond the scope of a CWA enforcement action and, therefore, the scope of the intervention should be limited to the CWA. They also argue that no one should be allowed to interfere with the governments' ability to enforce the CWA.

The defendant LFUCG acknowledges the Intervening Plaintiffs' right to intervene, but also asks the Court to limit their intervention. The LFUCG points out that the Intervening Plaintiffs' right to intervene is no greater than the right of any other person with an interest in the action to intervene. They also ask that any involvement of the Intervening Plaintiffs in this case be delayed until after the ongoing settlement negotiations between the present parties are complete. Finally, they ask that the Court delay LFUCG's deadline for responding to the intervening complaint until such time as a settlement is reached with the existing plaintiffs.

**II.   DISCUSSION**

As noted in a separate order of the Court, the CWA permits citizens to intervene as a matter of right under certain circumstances, although the CWA couches this right in terms of a negative:

> No action may be commenced under subsection (a)(1) of this section . . . if the Administrator [of the EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the [effluent] standard, [effluent] limitation, or order [issued by the EPA or a state with respect to such effluent standard or limitation], but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b)(1)(B) (section titled "Citizen Suits").  Thus, written into the citizen intervenor provision is a preference for an administrative enforcement action, rather than a private citizen enforcement action.  However, there is no question that the Intervening Plaintiffs have the right under the CWA to intervene in the present action.  Id.

However, an unconditional right to intervene is not equivalent to an unconditional right to participate in the proceedings.  As noted in the advisory committee notes to Federal Rule of Civil Procedure 24, " [a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  Fed. R. Civ. P. 24 advisory committee's note.  As noted by the Eighth Circuit, the CWA "was not intended to enable citizens to commandeer the federal enforcement machinery."  Dubois v. Thomas, 820 F.2d 943, 949 (8th Cir. 1987); see also United States EPA v. City of Green Forest, Ark., 921 F.2d 1394, 1402 (8th Cir. 1990) ("Had the citizens intervened, they still would not have been able to compel a consent decree on their own terms.").  Thus, it is

appropriate for the Court to impose limitations on the Intervening Plaintiffs' participation in the suit, particularly in light of the CWA's inherent preference for administrative enforcement actions over citizen enforcement actions.[2]

Defendant LFUCG asks that the Intervening Plaintiffs not be permitted to conduct discovery "or other litigation activities" that would delay or threaten to derail the progress of the ongoing settlement negotiations and, further, that their participation be limited to commenting on any consent decree that may result from the settlement talks. The Court is not inclined to impose such sweeping limitations at this time, but will require the Intervening Plaintiffs to seek leave of Court prior to taking any action in furtherance of the litigation. Also, the Court believes that it is appropriate for the LFUCG to file an answer to the intervening complaint.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the motion to file intervening complaint as a matter of right [DE #7] is GRANTED;

(2) no later than five (5) days after the date of entry of this Order, the Intervening Plaintiffs shall file a corrected intervening complaint in accordance with the clerk's note entered in the record on June 19, 2007;

(3) no later than fifteen (15) days after the intervening complaint is filed, the defendant shall file a responsive pleading thereto; and

---

[2] Most of the cases discussing an intervening citizen's participation in regulatory cases brought by the government have to do with entry of a consent decree rather than their participation prior to that point. See, e.g., United States v. Metropolitan St. Louis Sewer Dist. (MSD), 952 F.2d 1040, 1044 (8th Cir. 1992); United States v. District of Columbia, 933 F. Supp. 42, 47 (D.D.C. 1996); United States v. Ketchikan Pulp Co., 430 F. Supp. 83, 85 (D. Ala. 1977); Williams Pipe Line Co. v. Bayer Corp., 964 F. Supp. 1300, 1321-22 (S.D. Iowa 1997).

(4)   the Intervening Plaintiffs must seek leave of Court before taking any action in this matter.

This July 24, 2007.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge