UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-386-KSF

UNITED STATES OF AMERICA, *et al.*                                          PLAINTIFFS

V.                                **OPINION & ORDER**

LEXINGTON-FAYETTE URBAN
COUNTY GOVERNMENT                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion of the United States for the court to reconsider

its denial of the United States' Motion to Enter the Consent Decree.  The Individual Intervening

Plaintiffs[1] filed a timely response objecting to the Motion for Reconsideration.  The Lexington-

Fayette Urban County Government ("LFUCG") and the United States filed replies to the Intervening

Plaintiffs' Response.  The court, having reviewed the record and being otherwise sufficiently

advised, will DENY the motion.

While the Federal Rules of Civil Procedure do not explicitly address motions for

reconsideration of interlocutory orders, such as the order denying the United States' Motion to Enter

the Consent Decree, a court has authority under common law and FRCP 54(b) to reconsider its

interlocutory orders and reopen any part of a case before entry of a final judgment.  *Rodriguez v.*

*Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).  Traditionally,

---

[1] The 29 individual intervening plaintiffs filed a Response to the United States' Motion for Reconsideration.  In the Response, the individual intervening plaintiffs indicated that the Fayette County Neighborhood Council would be seeking to withdraw from the litigation.  As of the date of entry of this order, the Fayette County Neighborhood Council has not withdrawn from the litigation.

courts will find jurisdiction for reconsidering interlocutory orders when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.*

The United States argues that the court should reconsider its prior order and enter the Consent Decree because "the civil penalty agreed to by the parties and contained in the Consent Decree is appropriate, is consistent with applicable statutory authority and [the] EPA's guidelines, and is consistent with other settlements with municipalities under the Clean Water Act." The United States provides what its labels as "supplemental information and legal arguments" that demonstrate that the proposed civil penalty is appropriate and explains why it says the court was not authorized under the Clean Water Act or other relevant law to "direct that civil penalties be diverted from payment to the United States Treasury into Supplemental Environmental Projects" ("SEPs).

The United States essentially raises the same arguments here that it made in support of its Motion to Enter the Consent Decree. The court has considered the United States' arguments and remains convinced that it correctly denied the Motion to Enter and rejected the Consent Decree, and appropriately ordered the parties to negotiate a resolution of the civil penalty matter. Further, despite the United States' argument to the contrary, the court did not order that civil penalties be diverted from payment to the United States Treasury into SEPs. Accordingly, the court will deny the United States' Motion for Reconsideration.

The LFUCG's Reply does not state arguments in support of or against the Motion for Reconsideration; rather the LFUCG argues that the relief requested by the Individual Intervening Plaintiffs if the Motion for Reconsideration is granted is inappropriate. The court finds that the issue raised by the LFUCG of whether the Intervening Plaintiffs waived their right to object to the Consent

Decree by not filing a response to the Motion to Enter is moot because the court is denying the

Motion for Reconsideration.  The LFUCG also asserts that the Individual Intervening Plaintiffs

request that they be permitted to participate in any further negotiations among the LFUCG and the

Plaintiffs regarding the civil penalty if the Motion for Reconsideration is denied.  The LFUCG

argues that this request to participate should be denied.  While the Individual Intervening Plaintiffs

mention that they believe all parties should be involved in the negotiations, they have not filed a

motion on this issue.  Thus, whether *Sierra Club v. Hamilton County Board of County Commissioners*, 504 F.3d 634 (6th Cir. 2007), gives the court the power to order that the Individual

Intervening Plaintiffs be included in the negotiations is not properly before the court, and the court

will decline to rule on this issue at this time.

For the foregoing reasons, it is **ORDERED** that the United States' Motion for

Reconsideration [DE 49] is **DENIED**.

This October 2, 2008.

Signed By:

*Karl S. Forester*  $K S F$

**United States Senior Judge**